**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JUSTINA FAZZOLARI,

        Plaintiff,                  CIVIL ACTION NO. 11-CV-13988

VS.                                       DISTRICT JUDGE LAWRENCE P. ZATKOFF

NEW YORK COMMUNITY       MAGISTRATE JUDGE MONA K. MAJZOUB
BANK,

        Defendant.
_____/

## ORDER GRANTING DEFENDANTS' REQUEST FOR COSTS AND ATTORNEY'S FEES (DOCKET NO. 16)

This matter comes before the Court on Defendants' Bill of Costs filed on January 31, 2012. (Docket no. 16). Defendants New York Community Bank and Mortgage Electronic Registration Systems, Inc. filed the Bill of Costs as directed by this Court's Text Order of January 27, 2012 and Stipulated Order granting Defendants' Motion to Compel. Plaintiff has not filed an objection to Defendants' Bill of Costs. Judgment has not been entered in this action, therefore this is a pretrial matter. The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). Defendants' Bill of Costs is now ready for ruling.

On January 27, 2012 the Court entered a Stipulated Order granting Defendants' Motion to Compel and a Text-Only Order directing Defendants to submit a bill detailing the reasonable expenses incurred in bringing the motion. Defendants have now filed their Bill of Costs detailing their reasonable expenses in having to file their Motion to Compel. Defendants request a total award of $1,640. (Docket no. 16). The Bill of Costs shows that a senior defense attorney spent 1.1 hours on telephone conferences, emails, and review of the Motion to Compel at a rate of $290 per hour.

1

In addition, a second attorney spent 4.8 hours drafting Defendants' Motion to Compel at a rate of $180 per hour and 2.3 hours on telephone conferences and drafting the Statement of Resolved and Unresolved Issues and Proposed Stipulated Order to Compel at a rate of $190 per hour. Defendants' counsel bills in increments of .2 hours.

Rule 37(a)(5)(A) authorizes the Court to order the payment of "the reasonable expenses incurred [by the moving party] in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The "lodestar" figure (the reasonable hourly rate times reasonable hours expended) is presumed to be the reasonable attorney's fee in this case. *Miller v. Alldata Corp.,* 14 Fed. Appx 457, 468 (6th Cir. 2001). In addition, a court considers the following factors when calculating the reasonableness of attorney's fees: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. *Id.*

The Court finds that Defendants' hourly fees and the number of hours expended in connection with the motion are reasonable. Plaintiff has not objected to the Bill of Costs. Therefore, the Court will grant Defendants' request for reasonable costs and attorney's fees in the amount of $1,640.

**IT IS THEREFORE ORDERED** that Defendants are awarded reasonable expenses in the amount of $1,640 pursuant to Fed. R. Civ. P. 37(a)(5)(A) which Plaintiff's counsel shall remit to Defendants' counsel on or before March 5, 2012.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: February 17, 2012                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: February 17, 2012                    s/ Lisa C. Bartlett
                                            Case Manager