UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTINA FAZZOLARI,

    Plaintiff,
vs.

                                        Case No. 11-13988

NEW YORK COMMUNITY BANK,
f/k/a AM TRUST BANK, and MORTGAGE       Hon. Lawrence P. Zatkoff
ELECTRONIC REGISTRATION
SYSTEMS, INC.,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 12, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion for Summary Judgment (Docket #6). After Plaintiff failed to file a timely answer, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute and ordered Plaintiff to file a response. Ultimately, Plaintiff filed a response to the Order to Show Cause and a response to Defendants' Motion. Defendants filed a timely reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the following reasons, Defendants' Motion is granted.

**II. BACKGROUND**

Plaintiff obtained a loan from, and executed a promissory note ("Note") in favor of, PLB Lending, LLC ("PLB"), on June 8, 2005, in conjunction with Plaintiff's purchase of property on Shock Street, St. Clair Shores, Michigan (the "Property"). On that same date, Plaintiff executed a Mortgage with Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for PLB and its successors and assigns. Effective August 1, 2005, the Note was transferred from PLB to Ohio Savings Bank (which later changed its name to Am Trust Bank). On February 5, 2008, Plaintiff executed a loan modification agreement with Am Trust Bank in order to reduce her monthly payments. In December 2009, Am Trust Bank was closed by bank regulators, and certain of the assets of Am Trust Bank, including Plaintiff's Note, were purchased by New York Community Bank ("NYCB").

On December 21, 2010, Plaintiff made her final mortgage payment. On February 15, 2011, NYCB notified Plaintiff that she was in default on the mortgage loan. On April 27, 2011, after not having received a response from Plaintiff, NYCB notified Plaintiff that NYCB would institute foreclosure on the Property by advertisement proceedings. The Mortgage was assigned by MERS to NYCB on July 21, 2011, and, on August 17, 2011, that Assignment of Mortgage was recorded with the Macomb County Register of Deeds. NYCB currently holds the original of the Note.

On April 4, 2011, Plaintiff filed the instant case against PLB, NYCB and MERS in Macomb County Circuit Court. On August 18, 2011, Plaintiff voluntarily dismissed PLB from the state case. The remaining defendants, NYCB and MERS, then removed the case to this Court.

### III. LEGAL STANDARD

Defendants filed a motion for summary judgment pursuant to Rule 56; however, as this case has scarcely begun and little, if any, discovery has been conducted, the Court finds that the case should be resolved pursuant to Federal Rule of Civil Procedure 12(b)(6).

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

### IV. ANALYSIS

Defendants' Motion seeks dismissal of all five counts in Plaintiff's complaint. In her response, Plaintiff fails to address Defendants' arguments with respect to Counts I, III, IV and V.

**A.     Count I - Breach of Good Faith and Fair Dealing**

In Count I, Plaintiff claims a breach of the covenant of good faith and fair dealing. Michigan does not recognize an independent tort action for breach of the implied covenant of good faith and fair dealing. *See Kewin v. Massachusetts Mutual Life Ins. Co.*, 409 Mich. 401, 422-23 (1980). Moreover, to the extent that Plaintiff claims NYCB owed her a duty based on a lender/borrower relationship, her claim also fails. *See Mazur v. Washington Mut. Bank, F.A.*, No. 09-13371, 2011 WL 108926 (E.D. Mich. Jan. 10, 2011); *Ulrich v. Federal Land Bank of St. Paul*, 192 Mich.App. 194 (1991). Accordingly, the Court hereby grants Defendants' Motion with respect to Count I.

**B.     Count II - Injunctive Relief**

In Count II, Plaintiff seeks injunctive relief. Specifically, Plaintiff seeks to enjoin the foreclosure proceedings. This count is subject to dismissal for two reasons. First, injunctive relief is not a freestanding claim, but rather a form of relief. *See Terlecki v. Stewart*, 278 Mich.App. 644, 663 (2008) (stating that "[i]t is well settled that an injunction is an equitable remedy, not an independent cause of action"). Second, to the extent Plaintiff's claim for injunctive relief is based on the allegation that the original Note was not produced, it fails. There is no requirement to produce the original promissory note prior to foreclosure. *See Hilmon v. Mortgage Electronic Registration Systems*, No. 06-13055, 2007 WL 1218718 at *2-3 (E.D. Mich. Aug. 23, 2007). In addition, based on the undisputed affidavit of Ryan Sabo, the foreclosure manager of NYCB Mortgage Company, LLC, a wholly owned subsidiary of NYCB, NYCB possesses the original Note. For these reasons, the Court grants Defendants' Motion as to Count II.

**C.     Count III - Rescission**

In Count III, Plaintiff seeks rescission of the loan on the grounds that there was "Fraudulent Concealment," and allegedly violations of 12 U.S.C. §§ 2605, 2607(a) and 24 C.F.R. § 3500.21. This claim must be dismissed because rescission is an equitable remedy and not a separate cause of action. *See Yaldu v. Bank of America Corp.*, 700 F. Supp. 2d 832, 847 (E.D. Mich. 2010). For this reason, the Court finds Plaintiff is not entitled to rescission and Count III must be dismissed.

**D.      Count IV - Unfair and Deceptive Business Practices (M.C.L. § 445.903)**

Although labeled "Unfair and Deceptive Business Practices," Count IV actually asserts a claim for violation of the Michigan Consumer Protection Act ("MCPA"). This claim is based on allegations surrounding the origination of Plaintiff's loan. This claim must be dismissed against NYCB because it is undisputed that NYCB did not originate the loan.

Moreover, the MCPA does not apply to NYCB. Under the MCPA, "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States" is exempt from the MCPA. M.C.L. § 445.904(1)(a). *See also Newton v. Bank West*, 262 Mich. App. 434, 442, 491 (2004). In *Newton*, the Court of Appeals stated:

> [W]hen the Legislature said that transactions or conduct "specifically authorized" by law are exempt from the MCPA, it intended to include conduct the legality of which is in dispute . . . we conclude that the relevant inquiry is not whether the specific misconduct alleged by the plaintiffs is "specifically authorized." Rather, it is whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct is prohibited.

*Id.* at 438 (quoting *Smith v. Globe Life Ins. Co.*, 460 Mich. 446, 465 (1999)) (modifications & emphasis in original). Courts have consistently applied the MCPA exemption to the mortgage business of regulated lending institutions. *See Newton*, 262 Mich. App. at 438 ("[W]e conclude that

the residential mortgage loan transactions fit squarely within the exemption."); *Hanning v. Homecomings Fin. Networks, Inc.*, 436 F. Supp. 2d 865, 869 (W.D. Mich. 2006) (holding defendants are "licensed mortgage lenders. Thus, they are specifically authorized by law to have engaged in the 'general transaction' now at issue. The subject transactions are therefore exempt under the MCPA.") (emphasis in original) (internal citations omitted). Therefore, the Court concludes that Plaintiff fails to state a claim under the MCPA and that Count IV must be dismissed.

**E.     Count V - Conspiracy, Promissory Estoppel and Fraudulent Misrepresentation**

In Count V, Plaintiff asserts a variety of claims, none of which are viable causes of action. As to a claim for civil conspiracy, "[a] civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Assoc.*, 257 Mich.App. 365, 384 (2003). To establish civil conspiracy, "it is necessary to prove a separate, actionable tort." *Id.* (citation omitted). Here, Plaintiff has not alleged any concerted action by NYCB, or even an underlying tort. To the extent Plaintiff relies on the other torts named in Count V, this fails because none of those torts survive dismissal.

As to a claim for promissory estoppel, "[t]he elements of promissory estoppel are (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promise, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if justice is to be avoided." *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich. App 675, 686-87 (1999). The promise must be definite and clear to support a claim of estoppel. *Marrero v. McDonnell Douglas Capital Corp.*, 200 Mich. App 438, 442 (1993). Plaintiff has not alleged any of the elements of promissory estoppel.

Accordingly, the Court holds that this claim must be dismissed.

Even assuming Plaintiff had pleaded a claim for promissory estoppel, the claim is barred by the statute of frauds. M.C.L. § 566.132 governs "[a]greements, contracts, or promises for which signed writing required; enforcement[.]" M.C.L. § 566.132(2) provides:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

"[T]he Legislature used the broadest possible language in M.C.L. § 566.132(2) to protect financial institutions by not specifying the types of 'actions' it prohibits, eliminating the possibility of creative pleading to avoid the ban." *Crown Technology Park v. D&N Bank*, 242 Mich. App. 538, 551 (2000). Here, there is no dispute that NYCB is a financial institution. It is also clear that the promises which form the basis of Plaintiff's promissory estoppel claim relate to a promise to lend money. These oral promises fall squarely within the express language of M.C.L. § 566.132(2)(b) and (c). Therefore, the Court holds that Plaintiff's promissory estoppel claim is not viable.

Plaintiff's fraud claim fails for similar reasons. The elements that a plaintiff must plead and prove for a fraud/misrepresentation claim are:

> (1) defendants made a material representation; (2) it was false; (3) when defendants made it, defendants knew that it was false or made recklessly without knowledge of its truth or falsity; (4) defendants

>made it with the intent that plaintiffs would act upon it; (5) plaintiffs acted in reliance upon it; and (6) plaintiffs suffered damage.

*Mitchell v. Dahlberg*, 547 N.W.2d 74, 77 (Mich.App. 1996) (quoting *Arim v. General Motors Corp.*, 520 N.W.2d 695 (1994)).  Plaintiff fails to identify any misrepresentations with particularity in her complaint.  At best, the allegations are conclusory and lack any specific detail. As such, the fraud claim must be dismissed.  Moreover, as with the promissory estoppel claim, to the extent Plaintiff seeks to enforce unwritten promises respecting the terms of their loan, the fraud claim is barred by the statute of frauds. Under the statute of frauds, "a party is precluded from bringing a claim --no matter its label -- against a financial institution to enforce the terms of an oral promise . . . ." *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550; 619 N.W.2d 66 (2000). This bar extends to misrepresentation claims. *Manire v. Am. Equity Mortgage, Inc.*, No. 04-60278, 2005 WL 2173679, at * 2 (E.D. Mich., Sept 6, 2005) (dismissing intentional and negligent misrepresentation claims against a financial institution under the statute of frauds).  Therefore, for the reasons discussed above, Count V must be dismissed.

**F.     Plaintiff's Arguments**

As noted above, Plaintiff's response to Defendants' Motion fails to address most of Defendants' arguments pointing out the deficiencies in the complaint. Plaintiff also relies on case law from other jurisdictions which is not applicable. Plaintiff's main arguments appear to be: (1) NYCB lacked standing to foreclose, and (2) NYCB violated M.C.L. § 600.3205a (a statute not referenced in the complaint).  Neither of these arguments save the case from dismissal.

As explained above, NYCB had standing to foreclose as the servicing agent of Plaintiff's mortgage. Plaintiff appears to confuse legal standing with the right to foreclose. M.C.L. § 600.3204(1)9(d) specifically allows for a servicing agent to foreclose by advertisement. There is no

question that NYCB was the servicing agent of the loan. Moreover, NYCB, as the assignee of the mortgage by MERS, had the right to foreclose, *see Hilmon*, 2007 WL 1218718 at *3, because Plaintiff granted a mortgage with the power of sale to MERS (as nominee for the lender and the lender's assigns, such as NYCB).

Plaintiff also argues that NYCB violated M.C.L. § 600.3205a when NYCB failed to provide notice and allow for an attempt at modification. Not only did plaintiff not plead this in the complaint, such notice is only required where the property is a principal residence. Based on the pleadings, it appears to the Court that the mortgage is not on Plaintiff's principal residence, as all recent correspondence to Plaintiff has been sent to her at a Las Vegas, Nevada address.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, Defendants' Motion for Summary Judgment (Docket #6) is GRANTED, and Plaintiff's cause of action is DISMISSED. Judgment shall be entered accordingly.

IT IS SO ORDERED.

                                                    S/Lawrence P. Zatkoff
                                                    LAWRENCE P. ZATKOFF
                                                    UNITED STATES DISTRICT JUDGE

Dated:  July 12, 2012

CERTIFICATE OF SERVICE

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 12, 2012.

                                                        S/Marie E. Verlinde
                                                         Case Manager
                                                         (810) 984-3290